No. 24-10248

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, et al.,

*Plaintiffs-Appellants*,

*v.*

CONSUMER FINANCIAL PROTECTION BUREAU, et al.

*Defendants-Appellees*.

On Appeal From the United States District Court
For the Northern District of Texas, Fort Worth Division
Case No. 4:24-cv-213

APPELLEES' OPPOSITION TO APPELLANTS' MOTION FOR AN
ADMINISTRATIVE STAY

Seth Frotman
  *General Counsel*
Steven Y. Bressler
  *Deputy General Counsel*
Kristin Bateman
  *Assistant General Counsel*
Stephanie B. Garlock
  *Counsel*
Justin M. Sandberg
  *Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
(202) 435-7201
stephanie.garlock@cfpb.gov

The Court should deny Plaintiffs' request for an "administrative stay." ECF No. 47. At the most basic level, an administrative stay "freeze[s] legal proceedings until the court can rule on a party's request for expedited relief." *United States v. Texas*, No. 23A814, 2024 WL 1163923, at *1 (U.S. Mar. 19, 2024) (Barrett and Kavanaugh, J., concurring in denial of request to vacate stay). But, here, there is no request for expedited relief. There's a threatened request for mandamus—but no request is actually pending. Without a pending petition seeking mandamus with respect to the transfer order, this Court lacks jurisdiction to stay that transfer order.[1]

Moreover, an "administrative stay" is a "stopgap decision" that "precedes a ruling on a stay pending appeal." *Id.* at *2. But Plaintiffs seek not such a short stay, but rather a stay pending resolution of their mandamus petition. Thus, what Plaintiffs have filed is more properly categorized as a motion for stay pending appeal. But "deciding whether to grant a stay pending appeal requires consideration of the four *Nken* [*v. Holder*. 556 U.S. 418 (2009)] factors, which include an assessment of the applicant's likelihood of success on the merits." *Texas,* 2024 WL 1163923, at *1. Plaintiffs, however, have not even *attempted* to

---

[1] This appeal—of a supposed "denial" of Plaintiffs' preliminary injunction motion—does not give this Court jurisdiction to review or stay *other* orders in the other case. As the Bureau will explain in its filing due later today, the Court lacks any jurisdiction in this appeal because there was no denial of an injunction or other appealable order.

show a likelihood of success on the merits—or that they satisfy any of the other factors—much less actually demonstrated that they qualify for a stay under *Nken*.

Dated:  March 29, 2024

Respectfully submitted,

Seth Frotman
   *General Counsel*
Steven Y. Bressler
   *Deputy General Counsel*
Kristin Bateman
   *Assistant General Counsel*

<u>*/s/ Justin M. Sandberg*</u>
Justin M. Sandberg
   *Senior Counsel*
Stephanie B. Garlock
   *Counsel*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
(202) 435-7201
stephanie.garlock@cfpb.gov

*Counsel for Defendants-Appellees*

**CERTIFICATE OF SERVICE**

On March 29, 2024, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Counsel for all participants are registered CM/ECF users, and service on them will be accomplished by the CM/ECF system.

*/s/ Justin M. Sandberg*
Justin M. Sandberg

**CERTIFICATE OF COMPLIANCE**

This petition complies with the type-volume limitation in Federal Rule of Appellate Procedure 27(d)(2)(A). It contains 294 words, excluding the portions exempted by Rule 32(f). This document complies with the typeface and typestyle requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it was prepared using Microsoft Word 365 in Times New Roman, a proportionally spaced typeface.

*/s/ Justin M. Sandberg*
Justin M. Sandberg