

1700 G Street NW, Washington, D.C. 20552

April 8, 2024

<u>VIA CM/ECF</u>

Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA 70130

Re: *Chamber of Commerce of the United States, et al. v. Consumer Financial Protection Bureau*, No. 24-10248
<u>Letter Pursuant to Fed. R. App. P. 28(j)</u>

Dear Mr. Cayce:

We write in light of the mandamus opinions in *In re Chamber of Commerce*, No. 24-10266 (Apr. 5, 2024), to correct factual misunderstandings underlying the determination that the district court effectively denied Plaintiffs' preliminary injunction motion—an issue relevant to this appeal, too.

First, the panel majority states that "[t]o comply with the Final Rule," issuers needed to send "disclosure materials about the late fees … by March 29." Op. at 7. This is not correct, nor do Plaintiffs even claim it. Rather, they say they need to send change notices by March 29 *if* they want to increase *other* fees starting May 14. *See* ECF No. 5 at 12, No. 24-10266. The Rule does not require that. *See* ECF No. 56 at 10. The Bureau therefore respectfully submits that, as Judge Higginson noted, the mandamus opinion's determination that there was an effective denial rests on a "factually flawed premise." Op. at 24.

consumerfinance.gov

Second, the panel majority states that the Bureau "does not contradict the Chamber's summary of … what the Final Rule requires credit card issuers to do by the effective date." Op. at 9. That is incorrect. The Bureau has explained why Plaintiffs' summary is mistaken. *See* ECF No. 56 at 9–12.

Third, the Court accepted Plaintiffs' assertion that it "typically takes 4 months" to print new disclosures. Op. at 7. No competent evidence supports that assertion. *See* ECF No. 56 at 11. Although Plaintiffs included three declarations from affected issuers, none attested they couldn't prepare new documents by the effective date. *See* App.150-App.151, App.190-App.192, App.202-App.204.

Finally, the panel majority stated that so prompt a ruling was necessary to "preserve the opportunity for *effective* permanent relief." Op. at 7. Again, not so. The only thing issuers need to do before the effective date is start printing updated disclosures for new accounts. Plaintiffs need not be spared those de minimis printing costs for the permanent relief they seek—reinstatement of the old rule allowing higher late fees under the safe harbor—to be effective.

Respectfully submitted,

*/s/ Stephanie B. Garlock*
Stephanie B. Garlock
   *Counsel*
Consumer Financial Protection Bureau
1700 G Street, N.W.
Washington, DC 20552
(202) 435-7201
stephanie.garlock@cfpb.gov

cc:   Counsel of Record (via CM/ECF)