No. 24-10248

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, et al.,

*Plaintiffs-Appellants,*

*v.*

CONSUMER FINANCIAL PROTECTION BUREAU, et al.

*Defendants-Appellees.*

On Appeal From the United States District Court
For the Northern District of Texas, Fort Worth Division
Case No. 4:24-cv-213

**APPELLEES' OPPOSED SUGGESTION OF MOOTNESS AND MOTION
TO DISMISS**

Seth Frotman
   *General Counsel*
Steven Y. Bressler
   *Deputy General Counsel*
Kristin Bateman
   *Assistant General Counsel*
Joseph Frisone
Justin M. Sandberg
   *Senior Counsel*
Stephanie B. Garlock
   *Counsel*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
(202) 450-8786
Justin.Sandberg@cfpb.gov

Defendants write to suggest that this interlocutory appeal is moot and should be dismissed. Plaintiffs filed suit challenging the Credit Card Penalty Fees Final Rule (Late Fee Rule), 89 Fed. Reg. 19128-01, and sought a preliminary injunction preventing its implementation. After the district court did not rule on the motion by March 22, they appealed to this Court, arguing that their motion for a preliminary injunction had been effectively denied. This Court agreed. The Court vacated the district court's effective denial and remanded to the district court to decide the preliminary injunction motion. Unpublished Order, ECF No. 105, at 2. The panel, however, "retain[ed] jurisdiction over this appeal." *Id.* The district court has now entered a preliminary injunction in favor of Plaintiffs. *See* Op. & Order, Dist. Ct., ECF No. 82. Accordingly, there is nothing left of this appeal: the original effective denial was vacated by this Court, a preliminary injunction has been entered in Plaintiffs' favor, and Plaintiffs (understandably) have not sought any relief related to the injunction (in their favor) in this Court. The appeal is moot and should be dismissed. Counsel for Plaintiffs has indicated that Plaintiffs oppose this motion and intend to file a response.

1. Plaintiffs—an array of business associations—filed a complaint seeking injunctive and declaratory relief regarding the Late Fee Rule, which limits the amount of late fees that large credit card issuers can charge under the Truth in Lending Act's safe harbor provision. *See* Compl., Dist. Ct., ECF No. 1. In their

complaint, Plaintiffs allege, among other things, that the Rule is invalid under this Court's decision in *Community Financial Services Association of America, Ltd. v. CFPB (CFSA)*, 51 F.4th 616, 643 (5th Cir. 2022), *cert. granted*, 143 S. Ct. 978 (2023), because "the CFPB's rulemaking efforts related to the Final Rule . . . were funded using money drawn through th[e] [ ] mechanism that the Fifth Circuit has already held to be unconstitutional, " Compl. ¶ 80.

2. Plaintiffs filed a motion for preliminary injunctive relief on the same day. Dist. Ct., ECF No. 3. Plaintiffs later requested a ruling by March 22. When the district court did not rule by that date, Plaintiffs appealed on the ground that their request for a preliminary injunction had been effectively denied. This Court agreed. *In re Fort Worth Chamber of Com.*, No. 24-10266, 2024 WL 1976963 (5th Cir. May 3, 2024). It "vacated the district court's effective denial of the motion for preliminary injunction and remand[ed] with instructions that the district court rule on the [Plaintiffs'] motion for a preliminary injunction by May 10, 2024." ECF No. 105, at 2. But the Court added that "[t]his is a limited remand. Our panel retains jurisdiction over this appeal." *Id.*

3. On remand, the district court entered a preliminary injunction in favor of Plaintiffs on May 10. The Court concluded that, under *CFSA*, Plaintiffs were likely to succeed on the merits of their funding-based claim, that they would experience irreparable harm absent an injunction, and that the equities favored an injunction to

preserve the status quo. Op. and Order, Dist. Ct., ECF No. 82, at 5-7. Accordingly, the Court "granted Plaintiffs' preliminary injunction motion (ECF No. 3) and stayed the CFPB's" Late Fee Rule. *Id.* at 12 (cleaned up).

4. This appeal is moot. "An interlocutory appeal of the denial of a preliminary injunction is moot when a court can no longer grant any effective relief sought in the injunction request." *Akina v. Hawaii*, 835 F.3d 1003, 1010 (9th Cir. 2016). That standard is met here. For starters, there is nothing to be done with respect to the effective denial—it has already been vacated.[1] And following the district court's entry of a preliminary injunction, the appeal is certainly moot. Plaintiffs have obtained the relief that they sought: prospective relief enjoining the rule before it took effect. There is no additional relief that they could obtain from this Court. *See, e.g.*, *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 150 n. 6 (3d Cir. 1986) (noting that "an appeal must be dismissed as moot when an event occurs that prevents the appellate court from granting any effective relief, even if the dispute is decided in favor of the appellant"). Quite simply, there is nothing more for the Court to do in this appeal.[2] The effective denial originally

---

[1] Indeed, once the effective denial was vacated, the appeal might have become moot. *Cf. Boyko v. Anderson*, 185 F.3d 672, 673–74 (7th Cir. 1999) (concluding that "the grant of [a] Rule 60(b) motion operates to vacate the original judgment, leaving nothing for the appellate court to do with it—in fact mooting the appeal").

[2] To that point, the Court has deemed Plaintiffs' motion for an administrative stay or injunction pending appeal moot, *see* Docket, ECF Entry 7 (stating that the

challenged is no more. Plaintiffs have obtained a preliminary injunction. And Plaintiff's haven't sought, and couldn't seek, further relief from this Court at this time.

5. Dismissal would allow the district court to manage the litigation as it deems appropriate, without the unnecessary limitations caused by this appeal. This Court previously held that the pending "appeal divests the district court of jurisdiction over those aspects of the case on appeal." *In re Fort Worth Chamber of Com.*, 2024 WL 1976963, at *2. But the boundaries of that divestiture are uncertain because there is nothing left of this appeal. The appeal has become an empty vessel that constrains the district court's management of this case, without serving any review function. It is moot and should be dismissed.

Dated:  May 15, 2024                    Respectfully submitted,

                                        Seth Frotman
                                            *General Counsel*
                                        Steven Y. Bressler
                                            *Deputy General Counsel*
                                        Kristin Bateman
                                            *Assistant General Counsel*

                                         *s/ Justin M. Sandberg*
                                        Justin M. Sandberg
                                            *Senior Counsel*
                                        Joseph Frisone

---

motion is "DECLARED MOOT IN LIGHT OF THIS COURT'S ORDER OF 04/30/2024"), and it has canceled the main briefing schedule without resetting it, *see* ECF No. 109.

*Senior Counsel*
Stephanie B. Garlock
*Counsel*
Consumer Financial Protection
Bureau
1700 G Street, NW
Washington, DC 20552
(202) 450-8786
Justin.Sandberg@cfpb.gov

*Counsel for Appellees*

**CERTIFICATE OF SERVICE**

On May 15, 2024, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Counsel for all participants are registered CM/ECF users, and service on them will be accomplished by the CM/ECF system.

*/s/ Justin M. Sandberg*
Justin M. Sandberg

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limits of Federal rule of Appellate Procedure 27(d)(2)(A) because it contains 960 words. The motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Office 365 Pro Plus in Times New Roman 14-point font, a proportionally spaced typeface.

*s/ Justin M. Sandberg*
Justin M. Sandberg