

1(202) 551-1730
michaelmurray@paulhastings.com

May 16, 2024

Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Herbert Building
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

RE: *Chamber of Commerce, et al. v. CFPB*, No. 24-10248

Dear Mr. Cayce:

    We respectfully submit this letter pursuant to Federal Rule of Appellate Procedure 28(j) to advise the Court of a ruling issued today, May 16, 2024, in *Community Financial Services Association of America, Ltd. v. CFPB*, 601 U.S. \_\_ (2024), holding that the CFPB's funding structure does not violate the Appropriations Clause and reversing this Court's decision in *Community Financial Services Ass'n of America, Ltd. v. CFPB*, 51 F. 4th 616 (5th Cir. 2022).

    On May 10, the district court granted Plaintiffs' motion for a preliminary injunction based on our Appropriations Clause claim and Fifth Circuit precedent now reversed by the Supreme Court. *See* Op. & Order, No. 4:24-cv-213-P (N.D. Tex. May 10, 2024) ("May 10 Order"). The CFPB indicated previously that it "may move to vacate or dissolve the preliminary injunction" after such a ruling. Defendants' Response to the May 13 Order Requesting Briefing on the Status of Live Pleadings at 2, No. 4:24-cv-213-P (N.D. Tex. May 15, 2024). This Court maintains jurisdiction over this appeal pending the resolution of any such motion in the district court, which Plaintiffs intend to oppose based on the alternative claims in our preliminary-injunction motion. In its May 10 order, the district court described these claims as "compelling." May 10 Order. That suggests that Plaintiffs are likely to succeed on the merits of those claims.

    Given these developments, we respectfully suggest it might be helpful for this Court to clarify that, under its April 30 remand order, the district court has



authority to resolve any motion attempting to vacate or dissolve the preliminary injunction. Although the May 10 deadline in this Court's remand order has passed, the district court may, consistent with that order, exercise limited jurisdiction over the preliminary injunction entered on that date. Any appeal from the district court's decision will be brought directly to this Court given the panel's continued jurisdiction over the case.

Finally, although Plaintiffs plan to file an opposition to the CFPB's motion to dismiss in this Court, the Supreme Court's decision makes clear that the CFPB's motion should be denied.

Sincerely,

/s/

Michael F. Murray
Counsel for Appellants



## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25(d) and 5th Cir. R. 25.2.5, I hereby certify that I filed the foregoing via the Court's CM/ECF system.

/s/_____
Michael Murray