

1700 G Street NW, Washington, D.C. 20552

May 17, 2024

**VIA CM/ECF**

Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA 70130

Re:  *Chamber of Commerce of the United States, et al. v. Consumer Financial Protection Bureau*, No. 24-10248
Letter Pursuant to Fed. R. App. P. 28(j)

Dear Mr. Cayce:

    We write in response to Plaintiffs' notice of the Supreme Court's decision in *CFPB v. Community Financial Services Ass'n of America, Ltd.* (*CFSA*), No. 22-448, 2024 WL 2193873, at *2 (May 16, 2024). *See* ECF 117-1. Contrary to Plaintiffs' claims, the decision in *CFSA*, and its implications for the preliminary injunction here, underscore why the Court should dismiss this appeal entirely, rather than continue to micromanage the district court's supervision of this case.

    In April, this Court entered a limited remand for the district court to rule on Plaintiffs' preliminary injunction motion by May 10. *See* ECF 105. The district court acted on that instruction and stayed the challenged Bureau rule based on Plaintiffs' then-likelihood of success under this Court's opinion in *CFSA v. CFPB*, 51 F.4th 616 (5th Cir. 2022). *See* Dist. Ct. Dkt. 82. As Defendants explained in their motion to dismiss, ECF 116, the district court's preliminary injunction

mooted the current appeal, and allowing this empty appeal to remain pending would create jurisdictional uncertainty and complicate the district court's ability to manage the case going forward.

As even Plaintiffs concede, that jurisdictional confusion interferes with the district court's ability to respond to the Supreme Court's decision in *CFSA*. In *CFSA*, the Supreme Court reversed the Fifth Circuit precedent the district court relied on, undermining the current basis for the preliminary injunction. Ordinarily, the district court could revisit the injunction and determine whether it should be vacated or maintained on alternative grounds. But, given the pendency of this appeal, it is unclear whether the district court can continue to manage its case as needed.

Plaintiffs suggest that, to solve this problem, the Court should hold onto jurisdiction but "clarify" its limited remand to allow the district court to rule again on the preliminary injunction. That approach, however, would inappropriately divest the district court of its ordinary control over this case—treating it as, in effect, a special master advising this Court of what should happen next, rather than the judicial body tasked with managing this litigation and deciding the need for preliminary relief in the first instance.

Respectfully submitted,

*/s/ Stephanie B. Garlock*
Stephanie B. Garlock
   *Counsel*
Consumer Financial Protection Bureau
1700 G Street, N.W.
Washington, DC 20552
(202) 435-7201
stephanie.garlock@cfpb.gov

cc:    Counsel of Record (via CM/ECF)