No. 24-10248

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, et al.,

*Plaintiffs-Appellants*,

*v.*

CONSUMER FINANCIAL PROTECTION BUREAU, et al.

*Defendants-Appellees*.

On Appeal From the United States District Court
For the Northern District of Texas, Fort Worth Division
Case No. 4:24-cv-213

# APPELLEES' MOTION FOR
# IMMEDIATE ISSUANCE OF THE MANDATE

Seth Frotman
  *General Counsel*
Steven Y. Bressler
  *Deputy General Counsel*
Kristin Bateman
  *Assistant General Counsel*
Joseph Frisone
Justin M. Sandberg
  *Senior Counsel*
Stephanie B. Garlock
  *Counsel*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
(202) 435-9287
Joseph.Frisone@cfpb.gov

On Friday, this Court dismissed as moot Plaintiffs' appeal from the effective denial of Plaintiffs' motion for a preliminary injunction to prevent the implementation of the Credit Card Penalty Fees Final Rule (Late Fee Rule), 89 Fed. Reg. 19128-01. Defendants had urged dismissal of the appeal because there is nothing left to review and because the appeal's continued pendency interfered with the district court's ability to manage the case. Under this Court's default procedures, however, the mandate will not issue until July 9, 2024. And until the mandate issues, this appeal continues to muddy the district court's jurisdiction to move this case forward. Defendants therefore respectfully request that the Court issue its mandate forthwith so that the district court can proceed in the ordinary course. Defendants contacted Plaintiffs' counsel by email at 7:00 a.m. and 9:35 a.m. eastern time (and attempted to follow up by phone) on May 20 to determine their position on this motion, including whether Plaintiffs intended to file an opposition brief, but did not receive a response by the time of filing.

1. Plaintiffs—an array of business associations—filed a complaint seeking injunctive and declaratory relief regarding the Late Fee Rule, which limits the amount of late fees that large credit card issuers can charge under the Truth in Lending Act's safe harbor provision. *See* Compl., Dist. Ct. ECF No. 1. Plaintiffs filed a motion for preliminary injunctive relief on the same day. Dist. Ct., ECF No. 3. When the district court did not rule by a particular date, Plaintiffs appealed on

the ground that their request had been effectively denied. This Court agreed the preliminary injunction had been effectively denied. *In re Fort Worth Chamber of Com.*, No. 24-10266, 2024 WL 1976963 (5th Cir. May 3, 2024). It then "vacated the district court's effective denial of the motion for preliminary injunction and remand[ed] with instructions that the district court rule on the [Plaintiffs'] motion for a preliminary injunction by May 10, 2024." ECF No. 105, at 2. The court noted that it was effecting a "limited remand" and that the court of appeals retained jurisdiction. *Id*.

2. On remand, the district court entered a preliminary injunction in favor of Plaintiffs on May 10. Op. and Order, Dist. Ct. ECF No. 82.

3. Following the district court's entry of a preliminary injunction, Defendants moved to dismiss the appeal as moot, given that Plaintiffs had obtained the relief they sought and could not obtain any additional relief from this Court. ECF No. 116 at 3. Defendants highlighted that because this Court previously held that the "appeal divests the district court of jurisdiction over those aspects of the case on appeal," *In re Fort Worth Chamber of Com.*, 2024 WL 1976963, at *2, the continued pendency of the appeal made it uncertain what the district court had jurisdiction to do.

4. This Court granted that motion and dismissed the appeal as moot. ECF No. 122. Under this Court's default procedures, the clerk will not issue the

2

mandate until July 9, 2024. *See* 5th Cir. I.O.P. 41 (providing that mandates generally "issue promptly on the 8th day after the time for filing a petition for rehearing expires"); Fed. R. App. P. 40(a)(1)(B) (petition for rehearing due 45 days after entry of judgment); *accord* Fed. R. App. P. 35(c).

    5. The Court should issue the mandate forthwith. By "court direction," the clerk will issue the mandate "immediately" when the Court "dismisses a case . . . for lack of jurisdiction." 5th Cir. I.O.P. 41; *see also Gen. Land Off. v. Biden*, No. 22-40110, 2022 WL 3010699, at *1-2 (5th Cir. July 29, 2022) (issuing mandate forthwith after dismissing appeal as moot because the district court's order on appeal had expired and the Court could not "grant relief with respect to the expired order"). The court should direct the clerk to issue the mandate immediately here given that this appeal was dismissed for lack of jurisdiction. Indeed, there are particularly strong reasons to issue the mandate immediately here given that this Court previously held that the pending "appeal divests the district court of jurisdiction over those aspects of the case on appeal." *In re Fort Worth Chamber of Com.*, 2024 WL 1976963, at *2. And "[t]he district court d[oes] not reacquire jurisdiction … until the mandate of this court [i]s issued." *United States v. Cook*, 592 F.2d 877, 880 (5th Cir. 1979); *accord Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467–68 (5th Cir. 2013) (explaining that this "Court retains control over an appeal until [it] issue[s] a mandate"). Thus, until the mandate issues, the scope

3

of the district court's jurisdiction remains uncertain. The Court should issue the mandate immediately so that the district court can proceed with this case as it sees fit, and without the cloud of this still-pending appeal.

Dated:  May 20, 2024                               Respectfully submitted,

Seth Frotman
    *General Counsel*
Steven Y. Bressler
    *Deputy General Counsel*
Kristin Bateman
    *Assistant General Counsel*

 *s/ Joseph Frisone*
Joseph Frisone
    *Senior Counsel*
Justin M. Sandberg
    *Senior Counsel*
Stephanie B. Garlock
        *Counsel*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
(202) 435-9287
Joseph Frisone@cfpb.gov

*Counsel for Appellees*

**CERTIFICATE OF SERVICE**

On May 20, 2024, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Counsel for all participants are registered CM/ECF users, and service on them will be accomplished by the CM/ECF system.

*s/ Joseph Frisone*
Joseph Frisone

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limits of Federal rule of Appellate Procedure 27(d)(2)(A) because it contains 804 words. The motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Office 365 Pro Plus in Times New Roman 14-point font, a proportionally spaced typeface.

                                           *s/ Joseph Frisone*
                                           Joseph Frisone